IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN BRAXTON                                                                                 PLAINTIFF

V.                                           CIVIL ACTION NO.: 3:20-cv-277 TSL-RHW

CHANNEL CONTROL MERCHANTS, LLC                        DEFENDANT

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, John Braxton, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, against Defendant, Channel Control Merchants, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1. Plaintiff, John Braxton, is an adult male resident citizen of Kingwood, Texas, who is over the age of forty (40) and thus is a covered "employee" as defined by the ADEA.

2. Defendant, Channel Control Merchants, LLC, is a Delaware corporation licensed to do business in the State of Mississippi and may be served with process through its registered agent: C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is a "person" engaged in an industry affecting commerce who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or pending calendar year and thus, is a covered "employer" as defined by the ADEA.

1

## JURISDICTION AND VENUE

3. This Court has concurrent subject matter jurisdiction and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination on July 24, 2019, with the EEOC, a true and correct copy of which is attached as Exhibit "A." On January 31, 2020, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

5. Plaintiff has been discriminated against because of his age in violation of the Age Discrimination in Employment Act.

## STATEMENT OF THE FACTS

5. Plaintiff is a 62-year old male who formerly resided in Forrest County, Mississippi while employed with Defendant.

6. Plaintiff was hired by Defendant as a District Manager on April 16, 2018.

7. About four months after Plaintiff started his position, Defendant let go Defendant's Vice President of Operations, Brian Thomas.

8. A few months later, Defendant's CEO, Joe Izanics, retired, and a new CEO, Rob Lynch, began around March 2019.

9. During his employment, Defendant never wrote Plaintiff up or issued any disciplinary actions against him during his time with Defendant.

10. Plaintiff's performance evaluations have always been good, and he had recently been ranked #4 out of eleven District Managers.

11. Plaintiff's plan had been to retire in four years at the age of 66 until he was

abruptly let go on June 9, 2019.

12. Defendant's purported reason for letting Plaintiff go was that the company was "restructuring."

13. Despite Plaintiff's strong performance and high ranking as a District Manager, Plaintiff was replaced by a substantially younger male, Stephen Johnson (age 50), who was a new hire by Defendant.

14. Two other District Managers, David Edwards and Steve Lawrence, were let go in the "restructuring," and they were also replaced by younger males, Terry Crowe, Stephen Johnson, and Ryan Rasmussen.

15. Defendant attempted to have Plaintiff release his claims of age discrimination by having him sign a release; however, the document that Defendant prepared and had Plaintiff sign did not comply with the requirements of the ADEA and the OWBPA.

16. At a minimum, the agreement did not contain the requisite 21-day consideration period for individual employees or the 45 day consideration period for groups of employees; it did not contain the requisite 7-day revocation period; and it did not advise Plaintiff in writing to consult an attorney.

17. Additionally, Defendant did not provide Plaintiff with the requisite listing containing the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

18. As such, the Severance Agreement and General and Absolute Release which Defendant had Plaintiff sign did not effectively release Plaintiff's age discrimination claims under the ADEA and the OWBPA.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. Defendant unlawfully discriminated against Plaintiff because of this age, 62. At age 62, Plaintiff was in the protected age category of the ADEA. Plaintiff was more that qualified for his position as District Manager. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger male, Stephen Johnson, 50. As such, Plaintiff has established a *prima facie* case of age discrimination.

21. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

22. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, and liquidated damages.

23. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Liquidated damages;
4. Lost benefits;
5. Tax gross-up and all make whole relief:
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS the 22nd day of April 2020.

Respectfully submitted,

JOHN BRAXTON, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Phone: (601) 968-0000
Fax: (601) 968-0010
Email: louis@watsonnorris.com
nick@watsonnorris.com